IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HUMAN GENOME SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 07-780 (***) |
| AMGEN, INC. and IMMUNEX CORP., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF MOTION
TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO
RULE 12(b)(1) FOR LACK OF SUBJECT MATTER
JURISDICTION AND RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Melanie K. Sharp (No. 2501)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

Michael J. Wise
Lauren Sliger
PERKINS COIE LLP
1620 – 26th Street
Sixth Floor, South Tower
Santa Monica, CA 90404-4013
(310) 788-3210

*Attorneys for Defendants Amgen, Inc. and Immunex
Corporation*

Dated: January 16, 2008

## TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDINGS .................................................................... 1

SUMMARY OF ARGUMENT ............................................................................................. 1

STATEMENT OF FACTS .................................................................................................. 2

    A.    Interference Procedure ......................................................................... 2

    B.    Procedural Posture of the '240 Interference .......................................... 3

ARGUMENT .................................................................................................................. 7

    A.    HGS' 146 ACTION MUST BE DISMISSED WITH PREJUDICE FOR
            LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO
            RULE 12(b)(1) ............................................................................... 7

            1.    Mootness Eliminates Federal Subject Matter Jurisdiction ......................... 8

            2.    HGS' Complaint Must be Dismissed with Prejudice Because the
                  146 Appeal is Moot in Light of HGS' Request for Adverse
                  Judgment on Priority .............................................................. 9

    B.    HGS' 146 ACTION MUST BE DISMISSED WITH PREJUDICE FOR
            FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6) .............................. 11

            1.    Final Judgment which Results in a Decision on Priority is Required
                  for a 146 Appeal ................................................................... 12

             2.    A Request for Adverse Judgment on Priority is an Unequivocal
                  Surrender of Rights .............................................................. 13

             3.    HGS' Complaint Must be Dismissed with Prejudice for Failing to
                  State a Claim Because HGS Seeks to Vacate the Final Judgment
                  on Priority that it Requested ................................................... 14

CONCLUSION ............................................................................................................... 19

# TABLE OF AUTHORITIES

Page

## Cases

Abbott Labs v. Johnson & Johnson, Nos. 06-613-SLR, 07-613-SLR;
    2007 WL 4184349 (D. Del. November 28, 2007) .................................................. 12

Amiot v. Kemper Ins. Co., 122 Fed.Appx. 577 (3d Cir. 2004) .................................................. 12

Andrx Labs v. AstraZeneca AB, 2007 WL 2020927 (B.P.A.I. July 11, 2007) ............ 4, 13, 14, 16

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)..................................................... 11

Brown v. Williams, 484 F. Supp. 2d 271 (D. Del. 2007) ...................................................... 11, 15

Conley v. Gibson, 355 U.S. 41 (1957)........................................................................... 11

Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 344 F. Supp. 2d 923
    (D. Del. 2004) ...................................................................................................... 11, 15

Dow Chem. Co. v. Exxon Corp., 30 F. Supp. 2d 673 (D. Del. 1998) ................................... 11, 14

Eastman Kodak Company v. Mossinghoff, 704 F.2d 1319 (4th Cir. 1983) ........................... 12, 17

Eli Lilly and Co. v. Cameron, 61 USPQ2d 1863,
    2001 WL 1812546 (B.P.A.I. 2001) ...................................................................... 14

Ellis-Foster Co. v. Union Carbide & Carbon Corp., 284 F.2d 917 (3d Cir. 1960)................ 13, 15

Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981).................................................... 12

Godtfredsen v. Banner, 503 F. Supp. 642 (D.D.C. 1980)...................................................... 12, 13

Hurd v. Smith, 97 F.2d 147 (1938)............................................................................... 12

In re Intel Corp. Microprocessor Antitrust Litigation, 476 F. Supp. 2d 452
    (D. Del. 2007) ........................................................................................................ 7

In re Mason, 94 F.2d 220 (C.C.P.A. 1938)........................................................................ 9, 10, 13

Ivri v. Ross, 2004 WL 77437 (B.P.A.I. January 1, 2004)................................................... 9, 10, 13

Kaw Nation v. Norton, 405 F.3d 1317 (Fed. Cir. 2005)........................................................... 8, 10

Kerr v. U.S. District Court, 426 U.S. 394 (1976) ........................................................................ 3

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994).......................................... 7

## TABLE OF AUTHORITIES
### (continued)

Page

Morris v. Diamond, 634 F.2d 1347 (C.C.P.A. 1980) ..................................................... 3

Morse v. Lower Merion Sen. Dist., 132 F.3d 902 (3d Cir. 1997) ................................. 12

North Carolina v. Rice, 404 U.S. 244 (1971) ........................................................ 8, 11

Pfizer Inc. v. Ranbaxy Labs. Ltd., 2007 WL 4226417 (D. Del. Nov. 29, 2007) ............. 7

Phillips Petroleum Co. v. Brenner, 383 F.2d 514 (D.C. Cir. 1967) .............................. 12

Sanders v. United States, 373 U.S. 1 (1963) .............................................................. 10

Shustack v. Szum, 78 USPQ2d 1566, 2005 WL 1417024 (B.P.A.I. 2005) ........... 13, 14, 16

U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18 (1994) ................. 8, 10

United States v. Nixon, 418 U.S. 683 (1974) ............................................................. 13

**Statutes**

28 U.S.C. § 1651 ........................................................................................................ 3

35 U.S.C. § 135 .......................................................................................................... 2

35 U.S.C. § 135(a) ..................................................................................................... 17

35 U.S.C. § 141 ......................................................................................................... 12

35 U.S.C. § 146 ............................................................. 1, 3, 4, 12, 14, 15, 16

37 C.F.R. § 41.1(b) .................................................................................................... 17

37 C.F.R. § 41.121 ...................................................................................................... 2

37 C.F.R. § 41.125(b) .......................................................................................... 13, 15

37 C.F.R. § 41.125(c) ............................................................................. 3, 4, 13, 17

37 C.F.R. § 41.201 ...................................................................................................... 2

37 C.F.R. § 41.207(a) .................................................................................................. 2

37 C.F.R. § 41.208 ...................................................................................................... 2

Rule 12(b)(1) ................................................................................. 1, 6, 7, 19

DB02:6507570.1

066549.1002

## TABLE OF AUTHORITIES
### (continued)

Page

Rule 12(b)(6)................................................................................................ 1, 6, 11, 18, 19

Rule 54 .............................................................................................................. 12, 16

Rule 8(a)(2) ............................................................................................................. 11

**Treatises**

2A Fed. Proc. L. Ed., Ch. 3, III(B)(2)(a) § 3:256 (2007)................................................. 8

5 Charles Alan Wright & Arthur R. Miller, <u>Fed. Practice and Proc.</u>
    § 1202, 94 (2007).......................................................................................... 11

DB02:6507570.1                                                                 066549.1002

## NATURE AND STAGE OF THE PROCEEDINGS

The United States Patent and Trademark Office Board of Patent Appeals and Interferences declared Interference No. 105,240 on August 31, 2005. This Interference terminated on November 20, 2007 based on Plaintiff HGS' concession on the ultimate issue of priority, which resulted in a final judgment against it. HGS filed the present Complaint (D.I. 1) on November 30, 2007 under 35 U.S.C. § 146, purporting to appeal the final judgment.

## SUMMARY OF ARGUMENT

This action is an appeal under 35 U.S.C. § 146 ("146 action") of the Board of Patent Appeals and Interferences' ("Board") final judgment in Interference No. 105,240 ("'240 Interference"). Plaintiff Human Genome Sciences, Inc. ("HGS") has filed the present 146 action to reverse the very judgment entered at its explicit request, namely, that judgment on the issue of priority of invention, the ultimate issue in an interference, be entered adverse to HGS. Having conceded priority, HGS has rendered moot all other issues decided in the '240 Interference and eviscerated this Court's subject matter jurisdiction. Consequently, dismissal with prejudice is warranted under Federal Rule of Civil Procedure ("Rule") 12(b)(1). Moreover, 35 U.S.C. § 146 states, in part, that "[a]ny party to an interference dissatisfied with the decision of the Board of Patent Appeals and Interferences on the interference, may have remedy by civil action." HGS has failed to state a claim under which any relief by the Court could be granted under Rule 12(b)(6) because it cannot request adverse judgment on priority, as it did during the '240 Interference, and then state that it is dissatisfied when such relief is granted. Thus, HGS' complaint should be dismissed with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).

- 1 -

## STATEMENT OF FACTS

**A.    INTERFERENCE PROCEDURE**

An interference is an *inter partes* administrative proceeding to determine which party has

priority, that is, which party was first to invent the subject matter of the interference as defined

by the interference "count." 35 U.S.C. § 135; 37 C.F.R. § 41.201. The claims designated as

corresponding to the count ("involved claims") are the claims at risk in the interference whereby

the prevailing party may be entitled to a patent on its claims and the losing party is not. 37

C.F.R. § 41.201. The party designated as the "Senior Party" at the outset of the interference is

the party first to file an application which describes and enables the count and is presumed to be

the first party to have invented the count. 37 C.F.R. §§ 41.201, 41.207(a). The "Junior Party" is

the party that has filed an application after the Senior Party. 37 C.F.R. § 41.201.

An interference is divided into two phases, a substantive motion phase and a priority

phase, each lasting about 8 months. See Board's Order-Times for Substantive Motions in

Interference No. 105,240, Paper 4, attached as Exhibit A to the accompanying Declaration of

Chad S.C. Stover ("Stover Decl."), page 5; and Order-Priority Times in '240 Interference, Paper

134, attached as Exhibit B to the Stover Decl., page 6. During the substantive motion phase, the

parties may move to redefine the scope of the interference, to change the benefit date accorded to

a party for the count or move for judgment. 37 C.F.R. §§ 41.121, 41.208. The interference may

terminate after the substantive motion phase if the Board grants a motion for judgment.[1] During

the priority phase, the parties move for judgment that they are the first to invent the subject

matter of the count. The Junior Party bears the burden of showing that it invented the count

before the Senior Party. 37 C.F.R. § 41.207(a). After the conclusion of the priority phase, the

---

[1] Interference No. 105,380, which is related to Interference 105,240, terminated in this manner and is currently on 146 appeal in the District of Delaware, Civil Action No. 07-526.

Board issues a final judgment on priority and a party dissatisfied with the final judgment may appeal to the Federal Circuit pursuant to 35 U.S.C. § 141 or appeal to a district court pursuant to 35 U.S.C. § 146.

During the pendency of an interference, a party dissatisfied with an interim (i.e., non-final) decision may file a request for rehearing with the Board. 37 C.F.R. § 41.125(c). There is no mechanism, outside of the possibility of a writ of mandamus pursuant to 28 U.S.C. § 1651, for an interlocutory appeal or review of an interim Board decision in an interference.[2]

## B.    PROCEDURAL POSTURE OF THE '240 INTERFERENCE

The procedural posture of the '240 Interference is a matter of public record and the papers submitted in the interference are accessible in the Interference Portal on the Board's web site: http://www.uspto.gov/web/offices/dcom/bpai/index.html.[3] Papers from the public record of the '240 Interference relevant to the present motion are attached to the Stover Decl. as exhibits.

The '240 Interference was declared between Plaintiff HGS (referred to during the interference as "Junior Party Ni et al.") and Defendant Immunex Corporation ("Immunex") (referred to during the interference as "Senior Party Rauch et al."). When the interference was declared, Immunex was designated as "Senior Party" and was presumed to be the first to invent the subject matter of the count. Both parties moved to be accorded earlier benefit dates based upon earlier-filed patent applications. At the end of the substantive motion phase, the Board issued a Decision on Motions, mailed July 26, 2007, which held, among other things, that Immunex was entitled to the benefit of an application filed on February 13, 1997, whereas HGS was entitled to the benefit of an application filed on May 4, 2000. See Decision on Motions,

---

[2] A "writ of mandamus is an extraordinary remedy issued only under extraordinary circumstances, when meaningful alternatives are not available." Morris v. Diamond, 634 F.2d 1347 (C.C.P.A. 1980) (citing Kerr v. U.S. District Court, 426 U.S. 394, 403 (1976)).
[3] To access the '240 Interference file, click on the "Interference Web Portal," then click on the "Interferences" box and input "105240" under "Interference Number."

Paper 133, attached as Exhibit C to the Stover Decl. Consequently, based upon its earlier benefit date, Immunex remained the Senior Party, and as the interference proceeding entered into the priority phase, retained the presumption that it was entitled to priority. HGS never filed a request for rehearing on the Decision on Motions pursuant to 37 C.F.R. § 41.125(c).

The Board set the time periods associated with the priority phase on July 27, 2007 and redeclared the interference with the newly accorded benefit on August 24, 2007. See Exhibit B to the Stover Decl. and Redeclaration—Bd. R. 203(c), Paper 135, attached as Exhibit D to the Stover Decl. Instead of filing a motion for judgment on priority and proceeding with the second phase of the interference by the deadline of October 5, 2007, HGS filed a paper styled "Party Ni's Request for Adverse Judgment to Initiate Review under 35 U.S.C. § 146" on October 5, 2007 (Paper 138), attached as Exhibit E to the Stover Decl., stating:

> In order to seek immediate review under 35 U.S.C. §146 of the decisions rendered in this interference without proceeding to the scheduled priority phase, Ni requests adverse judgment under 37 C.F.R. § 41.127(b), since it is unlikely that Ni will prevail on priority during the scheduled priority phase in this proceeding due to the Board's earlier rulings. Ni concedes no other issue and preserves its rights regarding all issues.

Exhibit E to Stover Decl., 2:1-5. HGS then attempted to further limit its request for adverse judgment, stating:

> With this request for adverse judgment, Ni does not concede the ultimate issue of priority. To the contrary, Ni provides the above concession to proceed more expeditiously to an action that will enable Ni to ultimately obtain judgment on priority and other issues in its favor (e.g., by the reviewing body and/or by the Board after the review of the earlier rulings).

Exhibit E to Stover Decl., 2:11-14.[4]

---

[4] Several months earlier in an unrelated interference (Interference No.105,533), a similar attempt to limit a request for adverse judgment was filed by counsel for HGS. In that case, the Board found the limited adverse judgment impermissible. (The papers regarding Interference No. 105,533 are available on the Board's Interference Portal listed above.) See Andrx Labs v. AstraZeneca AB, 2007 WL 2020927 at *1 (B.P.A.I. July 11, 2007).

In response to Paper 138, the Board issued a Miscellaneous Order on October 16, 2007

(Paper 139), finding that HGS' attempt to limit the request for adverse judgment was

impermissible. A copy of the Board's October 16, 2007 order, Paper 139, is attached as Exhibit

F to the Stover Decl. The Board dismissed HGS' request for adverse judgment and ordered HGS

to show cause why judgment should not be entered against it for failure to file a timely priority

case. Exhibit F to the Stover Decl., 3:1-5. The Board reasoned that:

> Human Genome Sciences (HGS) has filed a paper titled "Party Ni's Request for Adverse
> Judgment to Initiate Review under 37 CFR §146 [sic]." Paper 138. That paper says that
> HGS requests adverse judgment "since it is unlikely that Ni [(HGS)] will prevail on
> priority during the scheduled priority phase in this proceeding due to the Board's earlier
> rulings." Paper 138, p.1. However, HGS also states that it "does not concede the
> ultimate issue of priority." Paper 138, p. 1. Thus, it appears that HGS requests adverse
> judgment solely to seek an interlocutory review of the board's decision on motions
> without having a decision on priority.

Exhibit F to the Stover Decl., 1:3-2:8.

The Board then explained why Ni's request for adverse judgment which "does not

concede the ultimate issue of priority" is impermissible:

> While decisions on interlocutory motions may affect the outcome of a priority
> determination, or even render a decision on priority unnecessary, the principle purpose of
> an interference is to decide who was first inventor. In other words the "main event" of an
> interference is the priority determination. Since this interference has entered the priority
> phase, and HGS has stated it does not concede priority, it is inappropriate to enter adverse
> judgment based upon HGS' request.

Exhibit F to the Stover Decl., 2:11-18.

After expressly warning HGS that its attempted circumvention of the priority phase was

not permitted, the Board gave HGS a chance to move forward and avoid adverse judgment:

> However, HGS' priority case was due October 5, 2007. Paper 134. HGS, as the junior
> party, has the burden of proving an earlier date of invention. HGS has not presented a
> priority case and no stipulation or motion to extend the time for filing is of record. The
> failure of a junior party to submit a timely priority case may be construed as an
> abandonment of the contest. Accordingly, on or before October 30, 2007, HGS shall
> show why judgment on priority should not be entered against it for failing to present a
> priority case.

Exhibit F to the Stover Decl., 2:18-25.

HGS' response to the Order to Show Cause was an unequivocal concession of priority

and request for adverse judgment in a paper styled "HGS'S Response to Paper 139," filed on

October 26, 2007 (Paper 140) and attached as Exhibit G to the Stover Decl. In the paper, HGS

stated:

> HGS notes that as a result of the Board's decision on motions in the interference to date,
> HGS concedes the priority phase as defined in this interference and accordingly the
> Board should enter judgment against HGS on priority. ... HGS concedes that based on
> the Board's decisions on motions the Board will enter judgment adverse to HGS on
> priority.

Exhibit G to the Stover Decl., 2:2-4, 11-12.

In light of HGS' concession of priority, which was a concession of the entire interference,

the Board issued a Final Judgment, entitled "Judgment—Order to Show Cause" (Paper 141)

(Exhibit H to the Stover Decl. and Exhibit A to the Complaint (D.I. 1)) and ruled that:

> Human Genome Sciences' (HGS) brief on priority was due on October 5, 2007. HGS did
> not file a brief. HGS was put under an Order to Show Cause why judgment on priority
> should not be entered against it for failing to file a priority brief. Paper 139, HGS
> responded and requested that judgment on priority be entered against it.

Exhibit H to the Stover Decl., 1:1-2:1.

The Board then did exactly what HGS requested: it entered judgment on the ultimate

issue of priority adverse to HGS, ordered that HGS was not entitled to its involved claims from

its United States Patent No. 6,872,568, and further ordered that HGS' involved claims be

cancelled. Exhibit H to the Stover Decl., 2:4-16. These facts support the present motion to

dismiss under both Rule 12(b)(1) and Rule 12(b)(6).

## ARGUMENT

**A.    HGS' 146 ACTION MUST BE DISMISSED WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO RULE 12(B)(1).**

Since plaintiff seeks to invoke the jurisdiction of the Court, plaintiff always bears the burden of establishing subject matter jurisdiction.  The Court presumes lack of jurisdiction unless plaintiff proves otherwise.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  As shown below, because of HGS' actions, this 146 action is moot and this Court lacks subject matter jurisdiction to consider it.

Pursuant to Rule 12(b)(1), a Court must dismiss a complaint if the Court lacks subject matter jurisdiction over the claims.  In re Intel Corp. Microprocessor Antitrust Litig., 476 F. Supp. 2d 452, 454 (D. Del. 2007).  When a facial challenge to subject matter jurisdiction is raised, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Id. at 455.  "The Court's inquiry under Rule 12(b)(1) is limited to the allegations in the complaint, the documents referenced in or attached to the complaint, and matters in the public record.  However, the Court may consider documents integral to or explicitly relied upon in the complaint without converting the motion to dismiss to a motion for summary judgment.  The Court may also consider exhibits to a motion to dismiss without converting the motion to a summary judgment motion, if the plaintiff's claims are based on the documents and the documents are undisputedly authentic."  Id. (citations omitted).  See also Pfizer Inc. v. Ranbaxy Labs. Ltd., 2007 WL 4226417 at *1 (D. Del. Nov. 29, 2007).

This motion to dismiss is premised upon the Complaint in this action (D.I. 1), the exhibits to the Complaint, documents integral to or explicitly relied upon in the Complaint and documents which are in the public record.  The relevant exhibits attached hereto are directed to

the Board decision that HGS appeals and to the papers HGS filed requesting adverse judgment on priority. The documents are undisputedly authentic.

### 1.     Mootness Eliminates Federal Subject Matter Jurisdiction.

A federal court lacks jurisdiction to review a claim which has been rendered moot. North Carolina v. Rice, 404 U.S. 244, 246 (1971) (citations omitted). "Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions." Id. The Court's "impotence to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." Id. In general, an appeal may be mooted by the unilateral concession or admission of a party. 2A Fed. Proc. L. Ed., Ch. 3, III(B)(2)(a) § 3:256 (2007). Where appellees concede the ultimate issue on appeal, the appeal is moot and ancillary issues are irrelevant. Kaw Nation v. Norton, 405 F.3d 1317, 1323 (Fed. Cir. 2005) (government's letter of agreement to release program funds to Indian tribe mooted appeal).

"A party's voluntary action can render moot a case or controversy." Kaw Nation, 405 F.3d at 1322 (citing U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 20 (1994)). "The principal condition to which we have looked is whether the party seeking relief from judgment below caused the mootness by voluntary action." U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. at 24. Where mootness results from a voluntary act of the losing party seeking the appeal, such as a settlement agreement:

> the losing party has voluntarily forfeited his legal remedy by the ordinary process of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice. The denial of vacatur is merely one application of the principle that "a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks."

Id. at 25, 392 (citations omitted).

The rule for appeals from interference decisions is consistent with the general rule—unilateral concession of a party moots an appeal. This rule has long-standing precedent. Where an interference was "decided adversely to appellant upon concession by him," the Court of Customs and Patent Appeals found that the conceding party was estopped to make claims relating to the subject matter surrendered during the interference. In re Mason, 94 F.2d 220, 222 (C.C.P.A. 1938). The Court noted that, during the interference, the appellant's concession of priority was "construed as a waiver of the right to appeal, and no time for appeal is therefore set. In view of the concession, the motions which were set to be heard" were dismissed as they were no longer relevant. Id. (quoting a letter from the Examiner of Interferences). This rule remains unchanged: when a party files a request for adverse judgment based on concession of priority in an interference, the other issues raised by that party are rendered moot. Ivri v. Ross, 2004 WL 77437 at *1-2 (B.P.A.I. January 1, 2004) (not published) (in view of the judgment based on a concession of priority, the pending preliminary motions were dismissed as moot). In summary, a party that voluntarily requests adverse judgment on priority in an interference renders the interference moot and eliminates a case or controversy for appeal.

### 2. HGS' Complaint Must be Dismissed with Prejudice Because the 146 Appeal is Moot in Light of HGS' Request for Adverse Judgment on Priority.

It is uncontestable that HGS voluntarily conceded the ultimate issue of priority in the '240 Interference. In the Complaint, HGS admits that "HGS requested adverse judgment be entered in the '240 Interference." Complaint, p. 4 ¶ 15 (D.I. 1). The Complaint refers to and attaches the Final Judgment which also states that HGS "requested that judgment on priority be entered against it." The underlying papers in the interference, which are referred to in the Judgment, show that HGS' concession of priority was made after the Board explained that HGS could not limit the effect of its request for adverse judgment on priority and that termination of the

interference was granted without reservation of any rights to the conceding party. Having been advised of the consequences, HGS proceeded with its request, intending for its concession of priority to result in a final judgment in the interference, which is exactly what occurred. Since an appeal may be mooted by the unilateral concession or admission of a party, HGS' concession of the ultimate issue of priority renders this appeal moot. See In re Mason, 94 F.2d at 222; Ivri v. Ross, 2004 WL 77437 at *1-2.

Both the Federal Circuit and the Supreme Court have held that unilateral concession of a party renders an appeal moot. See Kaw Nation v. Norton, 405 F.3d 1317, 1322 (Fed. Cir. 2005); U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 20 (1994). HGS satisfied the "principal condition" for dismissal of the Complaint by "causing the mootness by its voluntary action" of conceding priority, the "main event of an interference," with its request for adverse judgment on priority. See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. at 24 and the Board's Order, Exhibit F to the Stover Decl., 2:14-15. A party's "conduct in relation to the matter at hand may disentitle him to the relief he seeks." Id. (citing Sanders v. United States, 373 U.S. 1, 17 (1963)).

All other issues in an interference are moot when a party concedes the ultimate issue in the case and its specific conduct thereby disentitles it to appeal the interference. Therefore, the issues decided in the Decision on Motions (Paper 133) and in any other decision of the Board rendered during the substantive motion phase are moot because, when a party files a concession of priority, the other issues in an interference are rendered moot. Ivri v. Ross, 2004 WL 77437 at *1-2; In re Mason, 94 F.2d at 222 (C.C.P.A. 1938).

Since the Court "does not have jurisdiction to review a claim which has been rendered moot," the Court should dismiss HGS' Complaint with prejudice. See North Carolina v. Rice, 404 U.S. 244, 246 (1971).

**B.    HGS' 146 ACTION MUST BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6).**

A motion to dismiss under Rule 12(b)(6) for failure to state a claim is warranted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Dow Chem. Co. v. Exxon Corp., 30 F. Supp. 2d 673, 694 (D. Del. 1998). In deciding a motion to dismiss under Rule 12(b)(6), "the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff." Brown v. Williams, 484 F. Supp. 2d 271, 273 (D. Del. 2007). The Court is not, however, required to "consider or regard as true conclusory allegations of law, unsubstantiated conclusions, or unwarranted factual inferences." Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 344 F. Supp. 2d 923, 929 (D. Del. 2004).

Rule 12(b)(6) must be read in conjunction with Rule 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965, fn. 3 (2007) (citing 5 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Proc. § 1202, at 94, 95 (2007)) ("Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of

the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is

entitled to it.'") "Factual allegations must be enough to raise a right to relief above the

speculative level." Id. "In evaluating a motion to dismiss for failure to state a claim, the court

rejects unsupported allegations, bald assertions, and legal conclusions." Abbott Labs v. Johnson

& Johnson, Nos. 06-613-SLR, 07-613-SLR; 2007 WL 4184349 at *3 (D. Del. November 28,

2007) (citing Amiot v. Kemper Ins. Co., 122 Fed.Appx. 577, 579 (3d Cir. 2004)); see also Morse

v. Lower Merion Sen. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

### 1.    Final Judgment which Results in a Decision on Priority is Required for a 146 Appeal.

A "judgment" according to Rule 54 "includes a decree and any order from which an

appeal lies." The Board must enter a final judgment in an interference for a party to appeal

pursuant to 35 U.S.C. §§ 141 or 146. "[T]he only final agency action in an interference

proceeding is a determination of priority of invention. Any other action of the Patent Office

relating to the subject matter of an interference proceeding, even if it be a decision by the

Commissioner, is not final agency decision and therefore not subject to judicial review until the

issue of priority has been determined." Eastman Kodak Company v. Mossinghoff, 704 F.2d

1319, 1323 (4th Cir. 1983); Godtfredsen v. Banner, 503 F. Supp. 642, 644-45 (D.D.C. 1980)

("The laws permit a defeated party only to seek review…when the applicant has been 'finally

denied a patent because of a Patent Office decision against him …on the question of priority.'").

See also Phillips Petroleum Co. v. Brenner, 383 F.2d 514, 516 (D.C. Cir. 1967); Hurd v. Smith,

97 F.2d 147, 150 (1938). One purpose for requiring a final judgment is to avoid "the obstruction

to just claims that would come from permitting the harassment and cost of a succession of

separate appeals from the various rulings to which a litigation may give rise, from its initiation to

entry of judgment." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981).

Regarding interlocutory decisions, 37 C.F.R. § 41.125(b) states, "[a] decision on motions

without a judgment is not final for the purposes of judicial review." If a party is dissatisfied with

a decision of the Board during the interference, it may request rehearing pursuant to 37 C.F.R.

§ 41.125(c). "It is clear that the patent statutes do not contemplate judicial review of

interlocutory determinations, made during interference proceedings." Godtfredsen v. Banner,

503 F. Supp. at 644. Mere interlocutory or preliminary rulings or orders on matters within the

discretionary powers of the Patent and Trademark Office generally are not subject to review on

appeal. Ellis-Foster Co. v. Union Carbide & Carbon Corp., 284 F.2d 917, 926 (3d Cir. 1960);

Godtfredsen v. Banner, 503 F. Supp. at 644-45. Embodied in the finality requirement is "a

strong congressional policy against piecemeal reviews, and against obstructing or impeding an

ongoing judicial proceeding by interlocutory appeals." United States v. Nixon, 418 U.S. 683,

690 (1974).

### 2.    A Request for Adverse Judgment on Priority is an Unequivocal Surrender of Rights

A request for adverse judgment on priority is an unequivocal surrender of rights in the

contested subject matter. Andrx Labs v. AstraZeneca AB, 2007 WL 2020927 at *1 (B.P.A.I.

July 11, 2007); Shustack v. Szum, 78 USPQ2d 1566, 2005 WL 1417024 (B.P.A.I. 2005); see

also In re Mason, 94 F.2d 220; Ivri v. Ross, 2004 WL 77437 (B.P.A.I. 2004). A party cannot

limit a request for adverse judgment on priority via the use of self-serving language or attempted

reservation of rights. Andrx Labs v. AstraZeneca AB, 2007 WL 2020927 at *1. In Andrx Labs

v. AstraZeneca AB, Andrx conceded priority of invention as to the subject matter of the sole

count in the interference but attempted to reserve the right to raise all challenges and defenses in

any other proceeding against AstraZeneca's involved patent application. The Board stated that,

to the extent Andrx's concession attempted to avoid interference estoppel, it directed Andrx's

attention to Shustack v. Szum and Eli Lilly and Co. v. Cameron, 61 USPQ2d 1863, 2001 WL 1812546, at *2 (B.P.A.I. 2001).

In Shustack v. Szum, the Board stated that the attempt to limit the effects of a concession of priority "does not prevent or limit the effect of [37 C.F.R. § 41.127(a)]" and that the language attempting to limit the concession "has been accorded no weight and will be accorded no weight in future prosecution." See Shustack, 78 USPQ2d at 1567. In Eli Lilly and Co. v. Cameron, the Board rejected attempts to limit a request for adverse judgment, finding that the limiting statements "have been accorded no weight and have no bearing upon our decision to enter final judgment. Lilly's reasons for voluntarily requesting adverse judgment are irrelevant to the entry of adverse judgment. Entry of an adverse judgment in an interference is a final judgment on the merits. Judgment is entered without reservation." See Eli Lilly, 61 USPQ2d 1863, 1864, 2001 WL 1812546, at *2.

### 3.    HGS' Complaint Must be Dismissed with Prejudice for Failing to State a Claim Because HGS Seeks to Vacate the Final Judgment on Priority that it Requested

35 U.S.C. § 146 states, in part, "[a]ny party to an interference dissatisfied with the decision of the Board of Patent Appeals and Interferences on the interference, may have remedy by civil action." HGS alleges in its Complaint that it is dissatisfied with the Final Judgment (Complaint p.4, ¶17 (D.I. 1)), yet admits it requested Final Judgment be entered against itself (Complaint p.4, ¶¶15-16). HGS has failed to state a claim under which any relief by the Court could be granted because it cannot request adverse judgment on priority, as it did during the '240 Interference, and then state that it is dissatisfied when such relief is granted. See Andrx Labs v. AstraZeneca AB, 2007 WL 2020927 at *1; Shustack v. Szum, 2005 WL 1417024 (B.P.A.I. 2005). There is no set of facts that HGS could prove that would entitle it to relief in the present 146 action. See Dow Chem. Co. v. Exxon Corp., 30 F. Supp. 2d at 694. While the court must

- 14 -

initially "construe the complaint in favor of the plaintiff," the court then uses its judgment and

does not have to "consider or regard as true conclusory allegations of law, unsubstantiated

conclusions, or unwarranted factual inferences." Brown v. Williams, 484 F. Supp. 2d 271, 273

(D. Del. 2007); Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 344 F. Supp. 2d at

929. HGS cannot request adverse judgment on the ultimate issue of priority to obtain a final

judgment and then ignore the implications of such request–a request for adverse judgment on

priority is an unequivocal surrender of rights. HGS' unsubstantiated conclusion that it is

"dissatisfied" with the adverse decision on priority it requested should be ignored and the

complaint should be dismissed for failure to state a claim under which relief can be granted.

HGS pleads in its Complaint that "[b]ased on the effects of these erroneous decisions,

HGS requested adverse judgment be entered in the '240 Interference to allow for review under 35

U.S.C. § 146." Complaint, p. 4 ¶ 15 (D.I. 1). The "erroneous decisions" are all interlocutory

Board decisions. Complaint, pp. 3-4 ¶¶ 14-15. In essence, HGS is attempting to convert a 146

action into an interlocutory appeal of non-final Board decisions. HGS explicitly expressed its

intention to effect an interlocutory appeal and return to the Board when it stated: "To the

contrary, Ni provides the above concession to proceed more expeditiously to an action that will

enable Ni to ultimately obtain judgment on priority and other issues in its favor (e.g., by the

reviewing body and/or by the Board after the review of the earlier rulings.)" Exhibit E to the

Stover Decl., 2:12-14. Interlocutory appeals of non-final decisions of the Board are prohibited.

37 C.F.R. § 41.125(b); Ellis-Foster Co. v. Union Carbide & Carbon Corp., 284 F.2d 917, 926 (3d

Cir. 1960). An interference must move forward until final judgment occurs. In the '240

Interference, HGS was required to present its priority case. HGS failed to do so. As noted in the

Board's decision, "HGS has not presented a priority case and no stipulation or motion to extend

- 15 -

the time for filing is of record. The failure of a junior party to submit a timely priority case may be construed as an abandonment of the contest." Exhibit F to the Stover Decl., 2:20-23.

When HGS first requested adverse judgment, HGS explained that it was essentially seeking an interlocutory appeal and did not concede priority. "In order to seek immediate review under 35 U.S.C. § 146 of the decisions rendered in this interference without proceeding with the scheduled priority phase, Ni requests adverse judgment under 37 C.F.R. § 41.127(b)." Exhibit E to the Stover Decl., 2:1-3. HGS continued: "With this request for adverse judgment, Ni does not concede the ultimate issue of priority." Exhibit E to the Stover Decl., 2:11-12. Consequently, the Board admonished HGS that such an interlocutory appeal was not available because the priority determination was the "main event" of an interference, and any request for adverse judgment had to unequivocally concede the ultimate issue of priority. Exhibit F to the Stover Decl., 2:14-18. HGS chose to ignore these warnings and instead requested that final adverse judgment be entered against HGS on priority. Exhibit G to the Stover Decl. Such a request for adverse judgment on priority is an unequivocal surrender of rights and is entered without reservation. Andrx Labs v. AstraZeneca AB, 2007 WL 2020927; Shustack v. Szum, 2005 WL 1417024. Thus, HGS' 146 action must be dismissed because there is no set of facts that HGS could prove that would entitle it to the relief requested in light of the allegations of the Complaint.

The final judgment requirement for an appeal under the Board rules and Rule 54 has important practical implications that have been long recognized: "The historic rule in the federal courts has always prohibited piecemeal disposal of litigation and permitted appeals only from final judgments except in those special instances covered by statute." Notes to the 1946 Amendments to Rule 54. In an interference, only a final judgment on priority is considered a

"final agency action" and "[a]ny other action of the Patent Office relating to the subject matter of the interference proceeding, even if it be a decision by the Commissioner, is not final agency action, and therefore not subject to judicial review until the issue of priority has been determined." Eastman Kodak Company v. Mossinghoff, 704 F.2d 1319, 1323 (4th Cir. 1983). HGS' attempt to conduct a "piecemeal review" of the interference disrupts the orderly administrative process of the Board. Id. at 1322.

Additionally, HGS' attempt to convert this 146 action into an interlocutory appeal undermines the established rules of Board procedure. The Board rules specify a party dissatisfied with an interim decision of the Board may file a request for rehearing. 37 C.F.R. § 41.125(c). The Board rules are in place to provide "just, speedy, and inexpensive resolution to every proceeding before the Board." 37 C.F.R. § 41.1(b). Such just, speedy, and inexpensive resolution does not include allowing a party to concede priority, repeatedly take up non-final issues on appeal, and then return to the Board to continue advocating for the very issue it conceded – priority. Such a policy would allow parties to subvert and manipulate the interference and appeal process. HGS' attempt to ricochet back and forth to the Board is impermissible and allowing such action could create a system where interferences take many years to be resolved.

Alternatively, HGS suggests that the Court ("the reviewing body") may issue judgment on priority in its favor. Exhibit E to the Stover Decl., 2:12-14. Such a procedure essentially divests the Board of jurisdiction over the very subject matter it was created to decide—priority. 35 U.S.C. § 135(a) ("The Board of Patent Appeals and Interferences shall determine questions of priority and may determine questions of patentability.") According to HGS, any party dissatisfied with a non-final decision, including the declaration of interference itself, could

request adverse judgment on priority and thereby circumvent the Board's jurisdiction. Such a procedure defeats the administrative process of the Board.

HGS cannot request the relief of a final adverse judgment on priority, be granted the relief, and then complain that it is "dissatisfied." HGS received exactly the relief it requested on the ultimate issue of priority. The fatally defective Complaint should be dismissed under Rule 12(b)(6).

DB02:6507570.1

066549.1002

## CONCLUSION

For all of the reasons explained above, Immunex respectfully requests that HGS'

Complaint in this matter be dismissed with prejudice for lack of subject matter jurisdiction

pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Melanie K. Sharp (No. 2501)
Chad Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

Michael J. Wise
Lauren Sliger
PERKINS COIE LLP
1620 – 26th Street
Sixth Floor, South Tower
Santa Monica, CA  90404-4013
(310) 788-3210
mwise@perkinscoie.com

*Attorneys for Defendants Amgen Inc. and Immunex
Corporation*

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, Esquire, hereby certify that on January 16, 2008, I caused to be electronically filed a true and correct copy of Defendants' Opening Brief in Support of Motion to Dismiss Complaint with Prejudice Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction and Rule 12(b)(6) for Failure to State a Claim, with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

John G. Day
Steven J. Balick
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

I further certify that on January 16, 2008, I caused a copy of the foregoing document, to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY E-MAIL (by agreement of counsel):**

Richard L. DeLucia
John R. Kenny
A. Antony Pfeffer
Kenyon & Kenyon LLP
One Broadway
New York, NY  10004-1007

Chad S.C. Stover (No. 4919)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE  19801
(302) 571-6681
cstover@ycst.com