# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUMAN GENOME SCIENCES, INC., )<br>)<br>Plaintiff, )<br>) Civil Action No. 07-780-SLR<br>v. )<br>)<br>AMGEN INC. & IMMUNEX CORP., )<br>)<br>Defendant. ) | |

## HGS' MOTION FOR RECONSIDERATION
## AND MODIFICATION OF ORDER

*Of Counsel:*

Richard L. DeLucia
John R. Kenny
A. Antony Pfeffer
Kenyon & Kenyon LLP
One Broadway
New York, NY  10004-1050
(212) 425-7200

William G. James, II
Kenyon & Kenyon LLP
1500 K. Street, N.W., Suite 700
Washington, DC  20005-1257
(202) 220-4200

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*Attorneys for Plaintiff*
*Human Genome Sciences, Inc.*

Dated:  May 23, 2008

{00219201;v1}

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................. 1

I.    The Decisions of the Board in the Substantive Motions
      Phase of the Interference Defined the Priority Dispute for
      the Priority Phase ....................................................................................... 3

II.   HGS Has a Statutory Right, Pursuant to 35 U.S.C. § 146, to
      Obtain District Court Review of the Decisions of the Board
      Made During the Substantive Motions Phase of the
      Interference ................................................................................................ 5

III.  Following Review of the Board's Decisions During the
      Substantive Motions Phase the Court Can Determine
      Whether to Decide the Issue of Priority or Remand That
      Issue to the Board ...................................................................................... 7

CONCLUSION ...................................................................................................... 9

# **TABLE OF AUTHORITIES**

CASES

*Bio-Technology Gen. Corp. v. Novo Nordisk A/S*, No. 02-235-SLR,
    2004 U.S. Dist. LEXIS 14959 (D. Del. Aug. 3, 2004) ...................................... 8

*Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239 (D. Del. 1990) ......................... 2

*Conservolite, Inc. v. Widmayer*, 21 F.3d 1098 (Fed. Cir. 1994) ............................. 5

*Dow Chem. Co. v. Exxon Chem. Patents*, No. 96-160-SLR, 1998
    U.S. Dist. LEXIS 5340 (D. Del. Mar. 24, 1998) ............................................... 8

*Enzo Therapeutics v. Yeda Research & Dev. Co.*, 477 F. Supp. 2d
    699 (E.D. Va. 2007) .......................................................................................... 8

*General Instrument Corp. v. Scientific-Atlanta, Inc.,* 995 F.2d 209
    (Fed. Cir. 1993) ................................................................................................ 5

*KLA Instruments Corp. v. Orbot Inc.*, No. 92-20676-JW, 1997 U.S.
    Dist. LEXIS 24065 (N.D. Cal. May 14, 1997) ................................................. 8

*Kochler v. Mustonen*, 774 F. Supp. 641 (D.D.C. 1991) .......................................... 8

*Plumley v. Mockett*, No. 98-6117-GHK (Ex), 1999 U.S. Dist.
    LEXIS 23308 (C.D. Cal. Jun. 4, 1999) ............................................................. 8

*Tinney v. Geneseo Communs., Inc.,* 502 F. Supp. 2d 409, 415
    (D.Del. 2007) .................................................................................................... 2

**INTRODUCTION**

In accordance with D. Del. L.R. 7.1.5, and pursuant to Fed. R. Civ. P. 59, Human Genome Sciences ("HGS") submits this request for rehearing, reconsideration, and modification of the Court's May 12, 2008 Order (D.I. 28) and Memorandum Opinion (D.I. 27).  Although HGS recognizes that the relief it seeks here is infrequently granted, HGS respectfully requests the Court's indulgence and reconsideration on this issue, and requests modification of the Court's May 12 Order in view of the of the complexity of the issues presented to the Court and the nature of the Court's ruling.

In its complaint, HGS listed numerous decisions of the Board that it was challenging. (*See e.g.,* D.I. 1 at ¶ 14).[1]  In its Order, the Court dismissed HGS' § 146 action in its entirety for reasons related to review of the issue of "priority" of invention (*i.e.*, the date that the parties made the invention and which party made the invention first).  However, in dismissing the action in its entirety, the Court has denied HGS any review under § 146 of the Board's decisions from the substantive motions phase that were fully explored, briefed and argued by the parties; decisions which are at the heart of HGS's § 146 action.[2]  Because § 146 unequivocally grants any party dissatisfied with a decision of the Board the remedy of review by a District Court, the Board's decisions in the substantive motions phase, which are not "priority" decisions, fall squarely within the Court's subject matter jurisdiction under § 146.  Such review is not discretionary.  *See* 35 U.S.C. § 146.

---

[1]     There are two other related § 146 actions currently pending before the Court, Civil Action Nos. 07-526 and 08-166.  An additional interference, Interference No. 105,380, is still pending at the PTO awaiting a final decision of the Board in the priority phase.

[2]     As discussed below, an interference has both a substantive motions phase and a priority phase.  In the underlying interference, the substantive motions phase was fully briefed.

{00219201;v1}

In moving to dismiss, Immunex argued that review of the Board's decisions had been rendered moot and that interference estoppel precluded review. These arguments were soundly rejected by the Court. However, Immunex never argued that the Court otherwise lacked subject matter jurisdiction with respect to the underlying decisions of the Board. Indeed, the parties never briefed that issue.[3]

In contrast to the issues argued by the parties with respect to the motion to dismiss, and as a central reason for its dismissal of this action, the Court expressed concern that allowing this action to proceed would "constitute an effective usurpation of the Board's original jurisdiction to determine priority." (D.I. 27). The Court further voiced the view that "HGS presented the Board little more than conclusory arguments" on the issue of priority. HGS respectfully submits that its briefing on the issues decided by the Board in its decisions during the substantive motions phase are within the jurisdiction of the Court under § 146 and the applicable caselaw. With respect to the Court's concern that the Board was unable to "specifically define" the priority phase (see Memorandum Opinion, p. 15), it is clear that as a matter of incontrovertible fact, the Board fully and concretely defined the priority phase based on the Parties' briefings, arguments and evidentiary submissions during the substantive motions phase.

Further, the question of the adequacy of HGS' submissions to the Board with respect to the very decisions on which HGS seeks review is not related to the existence of jurisdiction, but rather goes to the merits of this action under § 146. While discretion exists for the Court to consider issues *not* raised in an interference, there is nothing in the caselaw to support the

---

[3] In seeking a modification of the Court's order HGS is mindful that a motion for reconsideration is not a vehicle to merely reargue a prior motion. However, the grounds for the dismissal of this action, as set forth in the Memorandum Opinion, were not briefed by the parties in the motion papers. Accordingly, reconsideration and modification of the Order is proper as the Court has "made a decision outside the adversarial issues presented to the Court by the parties." *Tinney v. Geneseo Communs., Inc.,* 502 F. Supp. 2d 409, 415 (D.Del. 2007) (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990)).

proposition that a Court has discretion not to review issues which were raised and (as in this case) actually decided by the Board. See Section II *infra*. Finally, the Court's concerns related to the Board's original jurisdiction to determine priority can be fully addressed without dismissal of this action in its entirety, thereby allowing the Court to retain jurisdiction over those issues that were fully briefed by the parties and decided by the Board.

To address this Court's concerns, HGS proposes a modified order that would limit review in this case to the decisions made by the Board during the fully-briefed substantive motions phase of the underlying interference. This proposed order eliminates any issues of usurpation of jurisdiction. Under the proposed order, the Court would review the Board's decisions rendered during the substantive motion phase, and thereafter decide whether to hear the priority case, remand to the Board for consideration in a priority phase of the interference (if, for example, the Court changed the accorded benefit dates of the parties), or affirm the Board's decisions from the substantive motion phase, thereby potentially eliminating the need for the Court to decide priority at all in this § 146 action.

I.  **The Decisions of the Board in the Substantive Motions Phase of the Interference Defined the Priority Dispute for the Priority Phase**

Under the current rules, a patent interference is normally divided into two phases. The first phase is referred to as the "substantive motions phase." In this phase, the Board considers issues such as the scope of the interference, what patent claims are involved in the interference, the dates of benefit that each party will be accorded (establishing their respective dates of constructive reduction to practice), and certain issues regarding the patentability of the parties' claims. The decisions made by the Board on the motions filed during the "substantive motions phase" set the ground rules for the later priority dispute. It is in this second phase, the priority phase, that the Board determines the ultimate issue of priority by reviewing arguments and

evidence related to the dates of conception, actual reduction to practice, and the reasonable diligence from conception to the earliest reduction to practice. The evidence that must be offered and arguments that must be made by the parties during the priority phase are dictated by the decisions that are made by the Board in the substantive motions phase. Issues decided during the substantive motions phase are not subject to reconsideration or further briefing in the priority phase.

  As part of the underlying '240 interference, HGS and Immunex filed numerous motions during the substantive motions phase. For example, HGS filed a motion to change the count, a motion regarding entitlement to benefit of the filing of earlier patent applications, a motion for invalidity of Immunex's involved claims, and a motion for entitlement to obtain certain discovery from third parties. Immunex filed assorted motions as well, including a motion seeking benefit of earlier filed patent applications. These motions were fully briefed, declarations were filed, depositions of the declarants were taken, the motions were argued before the Board, and on July 26, 2007, the Board issued a 73-page opinion setting forth its decisions on these motions. The Board's decisions in the substantive motions phase defined the framework within which the parties would have to work during the priority phase. HGS is dissatisfied with the decisions rendered by the Board during the substantive motions phase, and has conceded priority under the specifically-defined priority contest dictated by the Board in order to seek review of the underlying decisions. Although HGS believes that it will ultimately prevail on the issue of priority if the priority dispute is properly framed, that issue need not be decided at this time.

**II.    HGS Has a Statutory Right, Pursuant to 35 U.S.C. § 146, to Obtain District Court Review of the Decisions of the Board Made During the Substantive Motions Phase of the Interference**

It is undisputed that HGS is dissatisfied with certain decisions of the Board of Patent Appeals and Interferences, all of which are specifically identified in the complaint. 35 U.S.C. § 146 provides: "Any party to an interference *dissatisfied with the decision* of the Board of Patent Appeals and Interferences on the interference may have remedy by civil action." (emphasis added). Thus, this Court plainly has subject matter jurisdiction over all decisions actually rendered by the Board. *Conservolite, Inc. v. Widmayer*, 21 F.3d 1098, 1102 (Fed. Cir. 1994). In fact, Immunex never even argued that this Court lacked authority to review the decisions of the Board during the substantive motions phase, but instead argued that any such review was moot or barred by interference estoppel.

An actual decision of the Board is unquestionably reviewable under § 146. All that is necessary for an issue to be reviewed under § 146 is that the issue be raised through a motion (or similar procedure), *i.e.*, it is not even necessary that the Board ultimately render a decision on an issue. *Conservolite, Inc. v. Widmayer*, 21 F.3d 1098, 1102 (Fed. Cir. 1994); *see also*, *General Instrument Corp. v. Scientific-Atlanta, Inc.,* 995 F.2d 209, 214 (Fed. Cir. 1993). Often in § 146 actions the question arises as to whether the Court should consider issues which had not been raised below. With respect to those issues never raised below, it is still within the court's discretion to consider them. *See Conservolite*, 21 F.3d at 1102 ("Under appropriate circumstances, a district court may exercise its discretion and admit testimony on issues even though they were not raised before the Board.") While discretion exists for the Court to consider issues *not* raised in an interference, there is nothing in the caselaw to support the proposition that a Court has discretion not to review issues which were raised and (as in this case) actually decided by the Board.

The Court, however, expressed concern that proceeding with the statutorily mandated review could usurp the Board's original jurisdiction on *priority* phase issues, leaving room for mischief.[4] In particular, the Court indicated that the Board may not have been given a full and fair opportunity to determine priority because HGS allegedly presented the Board with little more than conclusory arguments that did not allow the Board to specifically define the scope of the dispute. HGS disagrees that its arguments before the Board were conclusory or that the Board was unable to specifically define the scope of the dispute. HGS submitted detailed substantive evidence, briefing and argument in support of its substantive motions and in opposition to Immunex's substantive motions. Included in this support were hundreds of pages of briefing, deposition transcripts, expert declarations, and numerous exhibits. *See* Exhibit A to Declaration of A. Antony Pfeffer**.**

Because the scope of the briefing at the Board was not the focus of the parties or the Court in addressing Immunex's motion to dismiss, HGS did not submit evidence of its extensive efforts before the Board. Without now burdening the Court with the submission of all of that evidence, HGS submits as an example its Motion for Benefit, which provides detailed arguments regarding how HGS' earlier applications, including the earliest HGS application, described and enabled the invention at issue in the interference. In this motion HGS cites expert declarations and numerous technical articles supporting its position. *See* Exhibit B to Declaration of A. Antony Pfeffer. The Board heard oral argument on this motion and rendered a final decision on the issue of benefit, as well as other issues raised by HGS and Immunex during the substantive motions phase.

---

[4] HGS respectfully objects to any implication that it was engaged in mischief. HGS strenuously attempted to receive satisfaction from the Board. Upon the priority contest being defined in an extremely unfavorable light, HGS took steps to facilitate review of the decisions made during the substantive motions phase in as swift and efficient a means as possible.

The issue of whether HGS presented sufficient evidence to prevail before the Board is not a jurisdictional matter. Furthermore, by dismissing this case for lack of subject matter jurisdiction, the Court cut off any opportunity for HGS to seek review of the Board's decisions on the substantive motions, including specific rulings by the Board concerning the content of HGS' prior patent applications, which the Court referred to and appeared to rely on in dismissing HGS' complaint. (D.I. 27 at 15). In conformance with the ideals of equity and due process, HGS should be provided the opportunity to present evidence and argument to this Court concerning the issues that were decided by the Board during the substantive motions phase of the underlying interference, as expressly provided in 35 U.S.C. § 146.

### III. Following Review of the Board's Decisions During the Substantive Motions Phase the Court Can Determine Whether to Decide the Issue of Priority or Remand That Issue to the Board

The Board's decisions rendered in the substantive motions phase fully defined the priority battle, the scope of the interference and the parties various dates for conception and reduction to practice. The Board would not have entered the priority phase without having fully defined the priority dispute. If this Court affirms all of the Board's decisions on the substantive motions, it can affirm the Board's award of priority to Immunex. However, if those decisions are reversed or otherwise modified, a new priority case would be defined.

HGS requested that the Board enter adverse judgment on the priority phase issues because the decisions of the Board in the substantive motions phase made it unlikely (at best) that HGS could defeat Immunex in the priority phase. In the decisions in the substantive motions phase, Immunex was awarded the earliest date for a constructive reduction to practice. Based on the decision, HGS would have been forced to antedate Immunex's date with an earlier conception and show reasonable "diligence" in working on the invention from this conception for a period of more than three years. In view of the legal requirements for demonstrating

reasonable diligence, establishing reasonable diligence for three-plus-year period is, to be charitable, an extremely difficult endeavor. Accordingly, HGS conceded priority under the specific factual scenario framed by the Board's decisions in the substantive motions phase.

However, it is HGS' belief that following review of the Board's decisions by this Court, the priority phase contest will be redefined in the manner HGS urged before the Board. In this scenario, HGS would be awarded the earliest date for a constructive reduction to practice and Immunex would be forced to antedate   There was never an opportunity for this priority case to be evaluated by the Board due to the decisions in the substantive motion phase. Moreover, the Court would not be usurping the Board's jurisdiction by analyzing this priority contest in the first instance.

Nevertheless, to address the Court's concerns regarding encroachment on the Board's original jurisdiction, HGS notes that the Court need not decide the priority issues during this action. The Court, in its discretion, can remand the issue of priority to the Board if the Board's decisions on substantive motions are reversed. *Enzo Therapeutics v. Yeda Research & Dev. Co.*, 477 F. Supp. 2d 699 (E.D. Va. 2007) (remanding case to the board); *Bio-Technology Gen. Corp. v. Novo Nordisk A/S*, No. 02-235-SLR, 2004 U.S. Dist. LEXIS 14959 (D. Del. Aug. 3, 2004) (reversing, *inter alia*, Board's benefit decision and remanding interference to the Board); *Plumley v. Mockett*, No. 98-6117-GHK (Ex), 1999 U.S. Dist. LEXIS 23308 (C.D. Cal. Jun. 4, 1999) (setting aside the Board's derivation decision and remanding priority case to the Board); s*ee also, Dow Chem. Co. v. Exxon Chem. Patents*, No. 96-160-SLR, 1998 U.S. Dist. LEXIS 5340 (D. Del. Mar. 24, 1998) (vacating the Board's final judgment and remanding); *KLA Instruments Corp. v. Orbot Inc.*, No. 92-20676-JW, 1997 U.S. Dist. LEXIS 24065 (N.D. Cal. May 14, 1997) (same); *Kochler v. Mustonen*, 774 F. Supp. 641 (D.D.C. 1991) (same). And, as

discussed above, if the Board's decisions are affirmed, then priority will not be an issue since HGS has already conceded priority under that particular set of facts. Under no circumstance would dismissal be required to protect the original jurisdiction of the Board regarding priority.

The proposed modified order submitted herewith addresses all of the Court's concerns regarding the ability of the Board to evaluate priority issues in the first instance, while maintaining HGS' statutory right to a review of the decisions from the substantive motion phase in this interference. Rather than dismiss HGS' complaint in its entirety at this time, the Court should review the fully-briefed decisions of the board and determine the appropriate course of action (remand, affirmance, or evaluation of priority) at a more appropriate time.

## **CONCLUSION**

HGS respectfully requests reargument and reconsideration of the Court's Order granting Immunex's motion to dismiss this case (D.I. 28) and Memorandum Opinion (D.I. 27). HGS respectfully requests that the Court modify its order in the form of the attached proposed order. This order addresses the Court's concern with respect to the issue of priority. This order balances HGS' statutory right to judicial review with the concerns of the Court regarding evaluation of priority without briefing to the Board.

ASHBY & GEDDES

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiff*
*Human Genome Sciences, Inc.*

{00219201;v1}

*Of Counsel:*

Richard L. DeLucia
John R. Kenny
A. Antony Pfeffer
Kenyon & Kenyon LLP
One Broadway
New York, NY  10004-1050
(212) 425-7200

William G. James, II
Kenyon & Kenyon LLP
1500 K. Street, N.W., Suite 700
Washington, DC  20005-1257
(202) 220-4200

Dated:  May 23, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUMAN GENOME SCIENCES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-780 (SLR) |
| v. ) | |
| ) | |
| AMGEN INC. & IMMUNEX CORP., ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER MODIFYING MAY 9, 2008 ORDER</u>**

AND NOW, on this ____ day of _____ 2008, upon consideration of the submissions of the parties the Order dated May 9, 2008 (D.I. 28) is hereby modified as follows:

Defendant's Motion to Dismiss (D.I. 8) is hereby denied;

The Order dated May 9, 2008 (D.I. 28) is vacated;

Review under 35 U.S.C. § 146 of the various decisions of the Board set forth in paragraph 14 of the Complaint (D.I. 1) shall proceed in this action;

Unless this Order is modified sua sponte or by motion, the issue of priority will not be addressed until the Court has ruled on the decisions set forth in paragraph 14 of the Complaint. After the Court has ruled on those decisions, the Court will determine whether to decide the ultimate issue of priority or remand that issue to the Board of Patent Appeals and Interference of the United States Patent and Trademark Office.

SO ORDERED this _____ day of _____, 2008.

_____
United States District Judge