IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUMAN GENOME SCIENCES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 07-780 (SLR) |
| AMGEN, INC. and IMMUNEX CORP., ) | |
| ) | |
| Defendants ) | |
| ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR RECONSIDERATION AND MODIFICATION OF ORDER**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

PERKINS COIE LLP
Michael J. Wise
Lauren Sliger
1620 – 26th Street
Sixth Floor, South Tower
Santa Monica, CA  90404-4013
(310) 788-3210

*Attorneys for Defendants Amgen, Inc. and Immunex Corporation*

Dated:  June 9, 2008

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ……………………………………………………………….. 1

II.   HGS' MOTION FOR RECONSIDERATION AND MODIFICATION SHOULD BE DENIED BECAUSE IT FAILS TO FULFILL THE REQUIREMENTS FOR BRINGING SUCH A MOTION ……………………………………………………... 2

    A.    Requirements for a Motion for Reconsideration or to Amend a Judgment Pursuant to Fed.R.Civ.P. 59(e) and for Reargument Pursuant to Local Rule 7.1.5. …………………………………………………………... 2

    B.    HGS' Motion Fails to Fulfill the Requirements for Reconsideration or to Amend a Judgment Under Fed.R.Civ.P. 59(e) or for Reargument Under Local Rule 7.1.5. ……………………………………………………………… 3

    C.    The Court's Opinion is Properly Premised Upon the Adversarial Issues Briefed and Argued to the Court by the Parties. …………………………….4

    D.    HGS' Motion Merely Reiterates Its Argument In Opposition to the Motion to Dismiss. …………………………………………………………………….. 5

III.  HGS' MOTION SHOULD BE DENIED BECAUSE IT FAILS TO ESTABLISH SUBJECT MATTER JURISDICTION OF THE COURT. ……………………………8

IV.  CONCLUSION …………………………………………………………………...9

DB02:6886008.1                                                                                                                         066549.1002

## TABLE OF AUTHORITIES

**Cases** **Page**

Adkins v. Rumsfeld, 470 F. Supp. 2d 445 (D. Del. 2007) ……………………………………. 2

Enzo Therapeutics, Inc. v. Yeda Research and Development Co., 467 F. Supp. 2d 579 (E.D.Va. 2006) ………………………………………………………………………4

Inline Connection Corp. v. AOL Time Warner Inc., 395 F. Supp. 2d 115 (D.Del. 2005)…..2, 3, 5

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) …………………… 8

Samuel v. Carroll, 505 F. Supp. 2d 256 (D.Del. 2007) …………………………………………. 2, 3

Tinney v. Geneseo Communication, Inc. 502 F. Supp.2d 409 (D.Del. 2007) …………………... 2

TriStrata Technology, Inc. v. ICN Pharmaceuticals, Inc., 313 F. Supp. 2d 405 (D.Del. 2004) ……………………………………………………………………………….3, 8

**Statutes and Rules**

35 U.S.C. § 146 ………………………………………………………………………….. 1, 3 4, 5, 6, 7, 8

37 C.F.R. § 41.127 …………………………………………………………………………………….. 8

37 C.F.R. § 41.127(b)(3) ……………………………………………………………………………… 8

Rule 12(b)(1) …………………………………………………………………………………………… 1

Rule 12(b)(6) …………………………………………………………………………………………… 1

Rule 59(e) ………………………………………………………………………………………1, 2, 3, 6, 8

Delaware Local Rule 7.1.5 …………………………………………………………………… 1, 2, 3, 4, 8

## I. INTRODUCTION

The purpose of an interference is to determine which party is entitled to priority. In Interference No. 105,240 ("'240 Interference"), Plaintiff Human Genome Sciences, Inc. ("HGS") filed a priority statement alleging a date of invention prior to Immunex's[1] effective filing date. During the substantive motion phase, HGS failed to meet its burden to establish that its involved patent was entitled to an earlier filing date as a presumed date of invention. Nonetheless, because HGS had alleged an earlier date of invention in its priority statement and had requested the opportunity to brief the issue of priority, the interference proceeded to the priority phase. When it was time for HGS to file its priority brief, HGS failed to do so and instead elected to concede priority and deprive the Board of jurisdiction over the very dispute the Board was charged to decide – priority. After the Board entered final judgment adverse to HGS on priority, HGS brought this action under 35 U.S.C. §146 ("Section 146"). Immunex moved to dismiss HGS' Complaint under Rules 12(b)(1) and 12(b)(6) of the Fed.R.Civ.P. because, in light of HGS' actions below, HGS could not establish subject matter jurisdiction of this Court under Section 146. In its Memorandum Opinion ("Opinion") dated May 9, 2008, this Court concluded that "HGS has not carried its burden to prove that the court has subject matter jurisdiction under 35 U.S.C. § 146." Opinion, D.I. 27 at 15.

Now, HGS files a Motion for Reconsideration and Modification of Order ("Motion") that requests "rehearing, reconsideration, and modification" of the Court's Order pursuant to Fed.R.Civ.P. 59(e) and Local Rule 7.1.5. HGS' Motion fails to meet the exacting requirements of both the Federal and the local rules for such a motion. HGS' Motion merely reiterates the same arguments set forth in its Opposition to Immunex's Motion to Dismiss (D.I. 20) and incorrectly continues to assert that the Court has jurisdiction to decide priority in the first

---

[1] Defendants Amgen Inc. and Immunex Corporation are collectively referred to herein as Immunex.

instance. Additionally, HGS resurrects its Motion for Benefit denied by the Board in the '240 Interference, briefed by Immunex in its Motion to Dismiss (D.I. 9 at 3-4) and already considered by the Court in its Opinion on the Motion to Dismiss. D.I. 27 at 3-5. Because HGS has failed to fulfill the requirements for bringing its Motion by proffering nothing more than the arguments raised in its Opposition to the Motion to Dismiss, and because HGS has not met its burden to establish federal subject matter jurisdiction, HGS' Motion should be denied.

II. **HGS' MOTION FOR RECONSIDERATION AND MODIFICATION SHOULD BE DENIED BECAUSE IT FAILS TO FULFILL THE REQUIREMENTS FOR BRINGING SUCH A MOTION.**

   A. *Requirements for a Motion for Reconsideration or to Amend a Judgment Pursuant to Fed.R.Civ.P. 59(e) and for Reargument Pursuant to Local Rule 7.1.5.*

Motions for reconsideration, as a general rule, are granted sparingly and only in limited circumstances. Inline Connection Corp. v. AOL Time Warner Inc., 395 F. Supp. 2d 115, 117 (D.Del. 2005). Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Fed.R.Civ.P. 59(e). Tinney v. Geneseo Communication, Inc. 502 F. Supp.2d 409, 414 (D.Del. 2007).[2] A motion to alter or amend an order pursuant to Fed.R.Civ.P. 59(e) must establish one of three grounds: (i) an intervening change in controlling law, (ii) new evidence has become available, or (iii) a need to correct the court's clear error of law or fact or to prevent manifest injustice. Samuel v. Carroll, 505 F. Supp. 2d 256, 261 (D.Del. 2007). Motions for reconsideration "may not be used to rehash arguments already briefed." Adkins v. Rumsfeld, 470 F. Supp. 2d 445, 447 (D. Del. 2007). Neither is a motion for reconsideration an opportunity to "accomplish the repetition of arguments that were or should have been presented to the court

---

[2] Tinney is the only authority cited by HGS for modification of the Order under Rule 59(e). D.I. 30 at 2, fn.3. Notably, Tinney involved the grant of a request for reconsideration to correct an error denying a request for judgment on the pleadings in an action for liability under the "short-swing trading" prohibition of Section 16(b) of the Securities and Exchange Act, where defendants were immune from liability as directors, but not as 10% beneficial owners of the acquiring company. The case did not involve reconsideration of a motion to dismiss for lack of subject matter jurisdiction and is otherwise inapposite.

previously." TriStrata Technology, Inc. v. ICN Pharmaceuticals, Inc., 313 F. Supp. 2d 405, 407 (D.Del. 2004). In Inline Connection Corp., the court noted that the Federal Rules of Civil Procedure "do not expressly recognize motions for reconsideration" but determined that it would treat the plaintiff's motion in that case as a motion to reconsider its prior order and would "incorporate the standards of both Rule 59 and Local Rule 7.1.5." Inline Connection Corp., 395 F. Supp. 2d at 117.

Motions for reargument under Delaware Local Rule 7.1.5 are granted only in narrow circumstances. Id.; Samuel, 505 F. Supp. 2d at 261. A court should only grant reargument when it has (i) patently misunderstood a party; (ii) made a decision outside of the adversarial issues presented to the court by the parties; or (iii) made an error not of reasoning but of apprehension. Samuel, 505 F. Supp. 2d at 261. Like motions for reconsideration, motions for reargument cannot be granted in circumstances where the movant simply "rehashes material and theories already briefed and decided." Inline Connection Corp., 395 F. Supp. 2d at 117. In addition, "a motion for reargument may not be used to supplement or enlarge the record" on which the court made its initial decision. Id. at 117-118.

> **B.     HGS' Motion Fails to Fulfill the Requirements for Reconsideration or to Amend a Judgment Under Fed.R.Civ.P. 59(e) or for Reargument Under Local Rule 7.1.5.**

HGS proposes reconsideration and a radical modification of the Court's Order dismissing HGS' complaint,[3] but does not allege that any of the requirements of Fed.R.Civ.P. 59(e) have been met. HGS fails to assert that modification of the Court's Order is required because there has been an intervening change in the controlling law such that HGS can now meet its burden and establish subject matter jurisdiction. HGS likewise fails to assert that modification of the

---

[3] In its Proposed Order Modifying May 9, 2008 Order (D.I. 30-2), HGS proposes that the Court: 1) deny Defendants' Motion to Dismiss; 2) vacate the Order dated May 9, 2008; 3) review under 35 U.S.C. § 146 the various decisions of the Board set forth in paragraph 14 of the Complaint; and 4) address the issue of priority after the Court has ruled on the decisions set for in paragraph 14 of the Complaint.

Court's Order is required because new evidence has become available that meets HGS' burden to establish subject matter jurisdiction. While HGS' Motion reiterates the same issues it raised in Opposition to the Motion to Dismiss (see Section D below), HGS fails to point to a clear error of law or fact in the Court's Opinion that if corrected would establish subject matter jurisdiction over this action under Section 146.

HGS similarly fails to meet the requirements of Local Rule 7.1.5. Again, although HGS' Motion reiterates the same issues raised in Opposition to the Motion to Dismiss, HGS fails to allege in its Motion that the Court has patently misunderstood its arguments or that the Court has made an error of apprehension in the Opinion. All that is alleged in HGS' Motion under Local Rule 7.1.5 is that the Court has "made a decision outside the adversarial issues presented to the Court by the parties." D.I. 30 at 2, fn. 3. To the contrary, the Court's Opinion is squarely premised upon the adversarial issues briefed and argued by the parties to the Court in the Motion to Dismiss.

### C. *The Court's Opinion is Properly Premised Upon the Adversarial Issues Briefed and Argued to the Court by the Parties.*

HGS asserts that the Court's Opinion is "outside the adversarial issues presented to the Court" because "Immunex never argued that the Court otherwise lacked subject matter jurisdiction with respect to the underlying decisions of the Board." D.I. 30 at 2. HGS' assertion is wholly lacking in merit. Immunex placed the record below directly at issue in the Motion to Dismiss by quoting and citing the very papers relied upon by the Court in the Opinion.[4] Furthermore, Immunex specifically argued that the Court lacked jurisdiction to review the Board's Decision on Motions because HGS' 146 action was an improper end-run around the

---

[4] Even "[t]he case with the most helpful analysis," (D.I. 27 at 11) Enzo Therapeutics, Inc. v. Yeda Research and Development Co., 467 F. Supp. 2d 579 (E.D.Va. 2006), was fully briefed and argued by the parties to the Court.

Board's jurisdiction and which essentially constituted an impermissible interlocutory appeal. D.I. 9 at 14-18.

In the Motion to Dismiss, Immunex also argued that the Board must be given the opportunity to decide priority in the first instance. D.I. 9 at 17-18. For example, the Motion to Dismiss quoted the Board's explanation that the priority phase must proceed because "the 'main event' of the interference is a priority determination." D.I. 9 at 5. Immunex further argued that HGS' request that the Court decide the issue of priority in the first instance "divests the Board of jurisdiction over the very subject matter it was created to decide—priority," which "defeats the administrative process of the Board." D.I. 9 at 17-18. This Court agreed. In its Opinion on the Motion to Dismiss, the Court found that "the fundamental purpose of interference proceedings is to give the Board a full and fair opportunity to determine priority" and that "[i]f the court were to allow HGS' § 146 appeal to go forward on this record, it would constitute an effective usurpation of the Board's original jurisdiction to determine priority." D.I. 27 at 15. Thus, the Court's Opinion falls squarely within the adversarial issues briefed and argued to the Court by the parties.

### D. HGS' Motion Merely Reiterates Its Argument In Opposition to the Motion to Dismiss.

A motion for reconsideration under the Federal rules or the local rules cannot be supported by rehashing the material and theories already briefed and decided. <u>Inline Connection Corp.</u>, 395 F. Supp. 2d at 117. That is precisely what HGS has done in its Motion. HGS' Motion has three sections, each of which essentially rehashes the same arguments it made in opposing Immunex's Motion to Dismiss.

In the first section (D.I. 30 at 3-4), HGS reiterates the differences between the substantive motion phase and the priority phase, which was briefed by the parties and duly noted in the

Opinion. D.I. 9 at 2-3, D.I. 20 at 2-5, D.I. 27 at 1-2. The parties further briefed the procedural posture of the case, including the fact that HGS' Motion for Benefit filed during the '240 Interference was denied and that HGS never requested reconsideration of the Board's Decision on Motions. D.I. 9 at 3-6, D.I. 20 at 5-7. HGS submits with its Motion a copy of its Motion for Benefit (D.I. 30 at 6, D.I. 31-3), but HGS' Motion for Benefit does not constitute "new evidence" as required to support a Rule 59(e) motion because it was available when HGS filed its Opposition to the Motion to Dismiss. Moreover, HGS' Motion for Benefit provides the Court with nothing new to reconsider regarding subject matter jurisdiction because the Court considered the Board's Decision on Motions, and specifically HGS' Motion for Benefit, in rendering its Opinion. D.I. 27 at 15. "It is evident from the record that HGS presented to the Board little more than conclusory arguments" and that "HGS failed to provide even enough information to allow the Board to specifically define the scope of the dispute." D.I. 27 at 15.[5]

In the second section (D.I. 30 at 5-7), HGS reargues that, because HGS is dissatisfied with the Board's Decision on Motions, HGS has a "statutory right" under Section 146 to have the Board's Decision on Motions reviewed. All HGS offers is a rote repetition of the statutory language of Section 146 and a recitation of Section 146 case law addressing the proper scope of a Section 146 appeal. Whether or not Section 146 is a proper basis for subject matter jurisdiction to consider the Board's Decision on Motions after HGS' unilateral concession of priority was the very issue briefed by the parties and decided by the Court. The Court noted "there is no case law commenting directly on whether a party may concede priority based on the Board's decision on preliminary motions, and then appeal what in essence is its concession to a district court, where

---

[5] In its Motion, HGS asserts it "strenuously attempted to receive satisfaction from the Board." D.I. 30 at 6, fn.4. However, as fully briefed in the Motion to Dismiss, HGS never sought reconsideration of the Board's decision on these substantive motions.

- 6 -

the record before the Board can be expanded." D.I. 27 at 11.[6] HGS' recitation of Section 146 case law that the Court has discretion to consider issues not before the Board in a Section 146 appeal adds nothing new to meet its burden to establish subject matter jurisdiction. HGS pleaded Section 146 as the basis for subject matter jurisdiction (D.I. 1 at 1, ¶2) which was the subject of the briefing (D.I. 9 at 1, D.I. 20 at 1) and the Opinion on the Motion to Dismiss. D.I. 27 at 11-15.

In the third section (D.I. 30 at 7-9), HGS reiterates its alleged reasoning behind its concession of priority, asserts that it can concede priority under a "particular set of facts" and offers a "modified order" that would bifurcate the review of the decisions made by the Board during the substantive motion phase from the priority determination. D.I. 30 at 6-9. The alleged reasons for HGS' decision to concede priority were stated by HGS to the Board, and recited in the Motion to Dismiss (D.I. 9 at 4), the Opposition (D.I. 20 at 6) and the Opinion (D.I. 27 at 5). HGS' unsupported assertion that it can concede priority under a "particular set of facts," (D.I. 30 at 9), was argued in its Opposition to the Motion to Dismiss. D.I. 20 at 12. ("HGS never conceded priority in a properly framed priority scenario.") HGS' "modified order" proposes that the Court review the Board's Decision on Motions and then either decide priority in the first instance or remand the case to the Board to decide priority. That exact proposal was made in HGS' Complaint (D.I. 1 at 6) and HGS' Opposition to the Motion to Dismiss (D.I. 20 at 13). Bifurcating the review of the Board's Decision on motions from the priority determination, however, does not create subject matter jurisdiction.[7]

---

[6] The lack of any authority supporting HGS' assertion of subject matter jurisdiction was also raised by Immunex in the briefing on the Motion to Dismiss. D.I. 23 at 2 ("HGS fails to present a single case supporting its basis for this appeal."), D.I. 23 at 7 ("But, not a single case cited by HGS addresses a factual scenario where a party concedes priority to obtain an adverse judgment, as HGS did, and then proceeds with an appeal.").

[7] To support its "modified order," HGS cites a string of cases (D.I. 30 at 8) which stand for the unremarkable proposition that reversing a Board decision may result in a remand. HGS' case law fails to address the dispositive issue before the Court – namely, a basis for federal subject matter jurisdiction in this case.

There is nothing in HGS' Motion to show that HGS meets its burden under Fed.R.Civ.P. 59(e) or Local Rule 7.1.5. HGS' attempt to relitigate issues already decided in its Motion should be rejected because motions for reconsideration are not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." TriStrata Technology, Inc., 313 F. Supp. 2d at 407.

### III.  HGS' MOTION SHOULD BE DENIED BECAUSE IT FAILS TO ESTABLISH SUBJECT MATTER JURISDICTION OF THE COURT.

The Court presumes a lack of subject matter jurisdiction unless the plaintiff proves otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Thus, regardless of the procedural basis for HGS' Motion, be it Fed.R.Civ.P. 59(e) or Local Rule 7.1.5, in order to grant HGS' Motion, HGS must convince the Court that subject matter jurisdiction exists in this case.

HGS has not met its burden to establish subject matter jurisdiction in this appeal. D.I. 27 at 15. As set forth above, because HGS' Motion merely restates arguments from its Opposition to the Motion to Dismiss, HGS' Motion fails to fulfill the requirements of either Fed.R.Civ.P. 59(e) or Local Rule 7.1.5. Thus, HGS' Motion cannot provide any basis for the Court to reconsider the lack of subject matter jurisdiction under Section 146. HGS fails to present any analysis on precisely what the Court found was HGS' specific burden in this case: "In the context of a premature termination of an interference, plaintiff must demonstrate that the entry of a 'judgment' pursuant to 37 C.F.R. § 41.127(b)(3) sufficiently confers jurisdiction pursuant to § 146." D.I. 27 at 11. HGS does not, and cannot, demonstrate how it can purport to invoke the Court's jurisdiction under 35 U.S.C. § 146 after its request for adverse judgment conceding priority under 37 C.F.R. § 41.127. Dismissal with prejudice is warranted.

## IV.  CONCLUSION

For all of the reasons explained above and in the briefing on Immunex's Motion to Dismiss (D.I. 9, D.I. 23), HGS' Motion should be denied.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Melanie K. Sharp*
        _____
        Melanie K. Sharp (No. 2501)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware  19801

        P.O. Box 391
        Wilmington, Delaware 19899-0391
        (302) 571-6681
        msharp@ycst.com

        Michael J. Wise
        Lauren Sliger
        PERKINS COIE LLP
        1620 – 26th Street
        Sixth Floor, South Tower
        Santa Monica, CA  90404-4013
        (310) 788-3210

        *Attorneys for Defendants Amgen, Inc. and Immunex Corporation*

Dated: June 9, 2008