IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUMAN GENOME SCIENCES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-780-SLR |
| | ) |
| AMGEN, INC. and IMMUNEX CORP., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 21st day of August, 2008, having reviewed plaintiff's motion for reconsideration and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 30) is denied, for the reasons that follow:

1. "Motions for reconsideration, as a general rule, are granted sparingly and only in limited circumstances." BP Amoco Chemical Co. v. Sun Oil Co., 200 F. Supp. 2d 429, 432 (D. Del. 2002). "Motions for reconsideration are the 'functional equivalent' of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e)." Samuel v. Carroll, 505 F. Supp. 2d 256, 261 (D. Del. 2007). A court may alter or amend its judgment only if the movant demonstrates at least one of the following: (i) a change in the controlling law; (ii) new evidence has become available; or (iii) a need to correct a clear error of law or fact or to prevent manifest injustice. Id. Motions for reconsideration "may not be used to rehash arguments already briefed." Adkins v. Rumsfeld, 470 F. Supp. 2d 445, 447 (D. Del. 2007). Neither is a motion for

reconsideration an opportunity to "accomplish the repetition of arguments that were or should have been presented to the court previously." TriStrata Technology, Inc. v. ICN Pharmaceuticals, Inc., 313 F. Supp. 2d 405, 407 (D. Del. 2004). The court has recognized that the Federal Rules of Civil Procedure "do not expressly recognize motions for reconsideration;" nevertheless, the court has reviewed such motions consistent with the standards of both Fed. R. Civ. P. 59 and D. Del. LR 7.1.5. BP Amoco Chemical Co., 200 F. Supp. 2d at 432 n.2.

2. Motions for reargument under D. Del. LR 7.1.5 are granted only in narrow circumstances. Id. at 432. A court should grant reargument only when it has: (i) patently misunderstood a party; (ii) made a decision outside of the adversarial issues presented to the court by the parties; or (iii) made an error not of reasoning but of apprehension. Id. Like motions for reconsideration, motions for reargument cannot be granted where the movant simply "rehashes material and theories already briefed and decided." Id. "In addition, 'a motion for reargument may not be used to supplement or enlarge the record' on which the court made its initial decision." Id. (citations omitted).

3. Despite the way that plaintiff couches its motion for reconsideration, in reality plaintiff simply disagrees with my decision and the analysis leading to that decision. I certainly acknowledge that the issues presented by this case are novel and complex, and that there is room for debate about my conclusions. However, having rendered the best decision I can based on the record and arguments presented to me by the parties, I am not persuaded that plaintiff has established any of the grounds that would justify

granting its motion for reconsideration.[1]

_____
United States District Judge

---

[1] I note at this juncture that plaintiff filed a notice of appeal before the motion for reconsideration was fully briefed, and that the appeal was "deactivated" because of said motion. "The appeal will be reactivated upon entry of the order disposing of the last such outstanding motion." (D.I. 36)